UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MAQUINALES,<br><br>    Petitioner,<br><br>    v.<br><br>KIM HOLLAND, Warden,<br><br>    Respondent. | Case No. ED CV 13-1849-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION

On October 10, 2013, petitioner Richard Maquinales, a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his 2002 state court conviction on the grounds that (1) his Eighth Amendment right to be free of cruel and unusual punishment was violated when he was not re-sentenced following the enactment of new re-sentencing procedures in 2012 known as "Proposition 36,"[1] and (2) he has been falsely imprisoned because he was awarded 660 days in presentence credit that were awarded

---

[1] "Proposition 36" refers to Cal. Penal Code § 1170.126.

but never applied to his sentence, and consequently his time for release has passed. Pet. at 5-6.

On December 23, 2013, respondent[2] filed an Answer to the Petition ("Answer"), asserting that: (1) ground two for false imprisonment is not cognizable under 28 U.S.C. § 2254; (2) the Petition is impermissibly second or successive; (3) even if the Petition is not successive, it contains unexhausted claims and is time-barred; and (4) the Petition is without merit. Answer at 2-5.

Both petitioner and respondent have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the court finds this is an impermissibly successive petition, and therefore does not reach respondent's other arguments. Accordingly, the Petition will be denied and this action dismissed with prejudice.

## II.

## BACKGROUND

Following a bifurcated trial in 2002, petitioner was found guilty of: (1) assault upon a peace officer with a deadly weapon or force likely to produce great bodily injury, in violation of California Penal Code § 245(c); and (2) attempted second degree robbery, in violation of California Penal Code §§ 664, 211. *See* Lodg. No. 2 at 1-2; Pet. at 2. The trial court sentenced petitioner to a total of sixteen years and four months in state prison. *See* Lodg. No. 2 at 2.

On August 22, 2003, the California Court of Appeal affirmed petitioner's conviction, but modified the judgment to grant petitioner 660 days of presentence credit. Lodg. No. 2 at 11.

Petitioner filed a petition for review in the California Supreme Court, which was denied on October 29, 2003. Lodg. Nos. 3, 4.

---

[2] The court substitutes Kim Holland as respondent. Ms. Holland is presently the warden at petitioner's institution of incarceration. *See* Fed. R. Civ. P. 25(d).

On October 15, 2004, plaintiff filed his first federal habeas petition in the United States District Court for the Southern District of California, which was subsequently transferred to this court.[3]  Lodg. No. 8.  His petition was dismissed with prejudice on July 6, 2005.  Lodg. Nos. 9, 10, 11.

On May 20, 2011, petitioner filed his second federal habeas petition with this court.  Lodg. No. 12.  His petition was dismissed with prejudice as untimely on March 8, 2012.  Lodg. Nos. 13, 14, 15.

Petitioner filed the instant petition on October 10, 2013.

### III.

### DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "generally limits a petitioner to one federal habeas corpus motion." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013); *see* 28 U.S.C. § 2244(b).  Section 2244(b)(1) mandates that all claims presented in a prior habeas petition and rejected by the court be dismissed.  28 U.S.C. § 2244(b)(1); *Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001).  Any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[3]  Petitioner has also filed numerous state habeas petitions challenging his 2002 state conviction.  The court omits a recitation of the state habeas procedural history as it has no bearing on the court's determination herein that the present Petition must be dismissed as successive under 28 U.S.C. § 2244(b)(2).

|   |   |
|---|---|
| 1 | convincing evidence that, but for constitutional error, no |
| 2 | reasonable factfinder would have found the applicant guilty of the |
| 3 | underlying offense. |

28 U.S.C. § 2244(b)(2); *see Bible v. Schriro*, 651 F.3d 1060, 1063 (9th Cir. 2011) ("Permitting a state prisoner to file a second or successive federal habeas corpus petition is not the general rule, it is the exception"). If the petitioner meets either of the above exceptions, he must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 2796, 177 L. Ed. 2d 592 (2010).

With the instant Petition, petitioner has filed his third § 2254 petition in this court challenging his 2002 state court conviction for attempted robbery and assaulting a peace officer. The first petition, filed in case number ED CV 04-1401-CAS (JWJ), raised one ground for relief: an improper jury instruction given during his trial violated his Sixth and Fourteenth Amendment rights. Lodg. No. 8 at 6-8. The court dismissed the petition with prejudice. Lodg. Nos. 9, 10, 11. The second petition, filed in case number ED CV 11-794-CAS (SP), raised three grounds for relief: (1) petitioner's right to due process and right against cruel and unusual punishment were violated based upon his alleged claim of factual innocence; (2) petitioner's right to due process and right against cruel and unusual punishment were violated based upon his alleged claim of new evidence; and (3) petitioner's trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment. Lodg. No. 12 at 6. The court dismissed that petition with prejudice as untimely. Lodg. Nos. 13, 14, 15. A prior petition dismissed for failure to comply with the statute of limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

The first question in the § 2244(b) analysis is whether a claim presented in a successive petition was also presented in a prior application. *Gonzalez v. Crosby*, 545

1 U.S. 524, 530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). If so, the claim must be
2 dismissed. *Id.* The two claims petitioner presents in the instant Petition – violation of
3 his Eighth Amendment rights when he was not re-sentenced under Proposition 36 and
4 false imprisonment – were not raised in either of his earlier petitions. *See* Lodg. Nos.
5 8 at 6-8, 12 at 6.

6 Thus, the next inquiry is whether petitioner's claims fall within either of the two
7 narrow exceptions contained in § 2244(b)(2). *Gonzalez*, 545 U.S. at 530. Petitioner
8 makes no attempt to demonstrate that his claims fall within either of the § 2244(b)(2)
9 exceptions, and there is nothing in the record to indicate that either of the exceptions
10 applies here. Petitioner's first claim appears to be that his sentence violates the Eighth
11 Amendment because he was not resentenced following the passage of Proposition 36.
12 *See* Pet. at 5. Proposition 36 was passed in 2012 and provides new sentencing
13 procedures applicable to third-strike, indeterminate sentences. *See* Cal. Penal Code
14 § 1170.126. This is a California state law, not a "new rule of constitutional law made
15 retroactive to cases on collateral review by the Supreme Court," and thus the first
16 exception to the general rule that successive petitions must be dismissed is not
17 satisfied. *See* 28 U.S.C. § 2244(b)(2)(A). Petitioner's second claim, alleging false
18 imprisonment, appears to be based on state tort law.[4] *See* Cal Civ. Code § 43. Thus,
19 this claim likewise fails to satisfy the requirements of § 2244(b)(2)(A). Lastly,
20 because petitioner is not asserting a claim of actual innocence, the second exception is
21 inapplicable here. *See* 28 U.S.C. § 2244(b)(2)(B); *Gonzalez*, 545 U.S. at 530. As
22 such, the Petition is impermissibly second or successive and this court must dismiss it.
23 *See* 28 U.S.C. § 2244(b)(2).

---

[4] As respondent notes (Answer at 2), the basis of this claim lies solely in state law, and as such, this claim is not cognizable in federal habeas. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("federal habeas corpus relief does not lie for errors of state law") (internal quotation marks and citations omitted).

Finally, even if petitioner had satisfied the requirements of 28 U.S.C. § 2244(b)(2), which as discussed above he has not, the Petition suffers from other defects as well. There is no indication that petitioner obtained permission from the Court of Appeals to file a successive § 2254 petition, as is required before petitioner may file a successive petition in this court. *See* 28 U.S.C. § 2244(b)(3). Also, the Petition is almost certainly time-barred under 28 U.S.C. § 2244(d).[5] But the court need not reach these matters since § 2244(b)(2) so plainly requires dismissal.

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment will be entered denying the Petition and dismissing this action with prejudice.

Dated: April 7, 2014

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

---

[5] The court previously dismissed petitioner's petition in case number ED CV 11-794-CAS (SP) on the grounds that it was filed more than six years after the statute of limitations expired and was not entitled to any tolling. For a full discussion of the timeliness issue under 28 U.S.C. §2244(d)(1), see the Report and Recommendation in case number ED CV 11-794-CAS (SP) (Lodg. No. 13), which was adopted by the District Court (Lodg. No. 14).